IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL EDGARDO RODRIGUEZ, | CIVIL NO. |
| Plaintiffs, | |
| Vs. | RE: Collection of money; Defamation and Libel |
| COQUICO, INC., MALIK BENIN, PHILIPPA ASHBY and their conjugal partnership, | Plaintiff Demands a Jury |
| Defendants | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COMES** Plaintiff Angel E. Rodriguez, through his undersigned attorneys and very respectfully prays as follows:

### I.   JURISDICTION

1. This Honorable Court has jurisdiction of the instant action, pursuant to the provisions of 28 U.S.C. sec 1332, inasmuch as there exists diversity of citizenship between plaintiff and all defendants and the matters in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

2. The following laws are invoked: 23 L.P.R.A. 72 (a); 31 L.P.R.A. 3391-3525; 31 L.P.R.A. 5141 and 5142.

3. The proper venue for this case lies in this Court as the cause of

action took place in Puerto Rico and the property in question is in Puerto Rico.

## II.     PARTIES

4. Angel Edgardo Rodríguez Miranda is of legal age, married, a Representative in the Puerto Rico House of Representatives, and a resident of Toa Alta, Puerto Rico.

5. Coquico, Inc. is a corporation with its principal place of business in Philadelphia, Pennsylvania.

6. Malik Benin, Phillipa Ashby, and their conjugal partnership are domiciled in Philadelphia, Pennsylvania.

6. Co-defendants Richard Roe, Mary Doe, and their conjugal partnership are, on information and belief, married to each other and not residents of New York.  They are persons who are unknown at the present time who are responsible for the allegations set forth in this Amended Complaint.

7. Co-defendants Richard Roe, Mary Doe, and their conjugal partnership are, on information and belief, married to each other and not residents of Puerto Rico.  They are persons who are unknown at the present time who are responsible for the allegations set forth in this Amended Complaint.

8. Co-defendant Corporation ABC, presently unknown, which may be responsible for the allegations set forth in this Amended Complaint.

9. Co-defendant Insurance Company DEF is an insurance company, whose identity is presently unknown to Mr. Rodríguez, which has issued a policy that covers the actions of other defendants and their principals.

10. Co-defendants Limited Liability Companies, Limited Liability

2

Partnerships, Trusts, Family Trusts, are any and all legal entities which may be responsible for the allegations set forth in this Amended Complaint.

### III. FACTS

11.   Mr. Rodriguez worked as an employee, invested in, and lent money to Coquico, Inc., a company which sells plush toys of the Puerto Rican frog the coqui with a

12.   Coquico through Mr. Benin dismissed Mr. Rodriguez without just cause and refused to repay him the loans that Mr. Rodríguez made to the corporation and which Mr. Benin used for the benefit of his conjugal partnership.

13.   Due to this situation, Mr. Rodriguez filed suit in San Juan Superior Court for collection of money.

14.   In retaliation, Coquico filed a copyright action in this Honorable Court and took the other actions described herein.

15.   Coquico knew of other companies that were marketing plush toys similar to the ones it marketed, but never took action against them.

16.   Furthermore, Mr. Rodriguez understood that he was merely selling a reproduction of something found in nature

17.   The Puerto Rico District Court ruled against Mr. Rodriguez and the United States Court of Appeals for the First Circuit affirmed that decision and remanded the case for a hearing as to the amount of the damages.

18.   On April 11, 2010, Mr. Rodriguez learned that Malik Benin, acting in his capacity of President of Coquico, Inc., sent a letter to United States Attorney Rosa Emilia Rodriguez-Velez on December 28, 2009.

19.   In the December 28 letter, Mr. Benin describes a phone conversation

that he alleges that Mr. Rodriguez had with him in which, he alleges, Mr. Rodriguez proposed selling Coquico and then continuing to produce Coquico's products, while using dilatory legal tactics to wear down the buyer. This conversation never took place.

20. Mr. Benin alleges that "contempt charges were issued by district Judge Jaime Pieras, Jr." This statement is untrue. The Honorable Judge Pieras never issued such charges.

21. Mr. Benin alleges to the United States Attorney that Mr. Rodriguez continued to produce and sell counterfeits of Coquico's products after the District Court issued its injunction. This statement is untrue.

22.. Mr. Benin further alleges that he entered evidence of continued sales of counterfeit merchandise at a December 9, 2009 conference with Judge Pieras. The Court heard no evidence at the December 9, 2009.

23. Although Coquico proved no violation of the injunction, much less any contempt, Mr. Benin criticizes the Court for not enforcing its contempt finding or the injunction.

24. Mr. Benin accused the legal system of protecting Mr. Rodriguez, portraying Mr. Rodríguez as a person who ignores injunctions and does not pay contempt fines, although Judge Pieras ruled that all issues of damages would be resolved in the hearing it scheduled on damages.

25. Mr. Rodríguez has not sold a single item in violation of this District Court's order.

26. The District Court has not ordered that any fines be paid, so Mr.

4

Rodríguez cannot be faulted for not paying non existent fines.

27. <u>Mr. Benin insinuated that Judge Pieras and the Puerto Rico Federal District Court was treating Mr. Rodriguez preferentially because Mr. Rodríguez is an elected official, and supposedly well connected politically.</u>

28. Mr. Benin further accused Mr. Rodriguez of "using his office in direct contravention of his sworn duty to adhere to certain ethical and professional conduct."

29. Mr. Benin also implied that because Mr. Rodriguez's father has a criminal conviction that somehow that meant that Mr. Rodriguez breached the law. This comment invokes the long discarded notion that somehow the sins of the father are vested upon the son.

30. Mr. Rodriguez withdrew the products which resembled those of Coquico from even before the date the District Court issued its injunction requiring such withdrawal.

31. Mr. Benin's letter to the U.S. Attorney's office with its false accusations against Mr. Rodriguez, wrapping itself in the transgression of Mr. Rodríguez's father, who has paid his debt to society, and was just recently hospitalized, was enormously painful for Mr. Rodriguez.

32. Coquico has also filed a claim against Mr. Rodriguez with the United States Customs Office.

33. Throughout the copyright litigation, Mr. Benin litigated the case in the press, precisely because Mr. Rodriguez is a public figure.

34. The false claims Mr. Benin made to the United States Attorney are

designed to harm Mr. Rodriguez in his chosen career of public service.

35. Mr. Rodriguez agreed to a settlement in the copyright case - on which Mr. Benin reneged - precisely because he was involved in a heated election, and he literally could not afford to continue litigating.

36. While Coquico alleges that Mr. Rodriguez has somehow strangled it economically, Coquico continues to sell from the accounts Mr. Rodriguez opened, apparently without paying any Puerto Rico taxes, and currently holds $383,492 of Mr. Rodriguez's money.[1]

37. Mr. Rodriguez used his personal lines of credit to finance Coquico, and Coquico failed to meet those obligations. These malicious actions by Coquico have harmed Mr. Rodriguez's credit and his future earning capacity.

38. When Mr. Rodriguez sued Coquico to be compensated for these sums of money, Coquico and Mr. Benin retaliated with this action.

39. When the initial act of retaliation did insufficient harm to Mr. Rodriguez for Mr. Benin's liking, Mr. Benin followed up with the acts of defamation and libel detailed herein.

## FIRST CAUSE OF ACTION

## TORT ARTICLES 1801 AND 1802 OF THE PUERTO RICO CIVIL CODE

40. Mr. Rodriguez incorporates as if restated all the preceding paragraphs as if set forth in full herein.

41. Defendants' false accusations of criminal activity by Mr. Rodriguez have caused harm to Mr. Rodriguez's professional reputation and damaged him

---

[1] Mr. Rodriguez is a shareholder of Coquico, so these actions put his interest in jeopardy, even though he has

6

emotionally.

42. Defendants' insinuations to the United States Attorney and to the United States Customs Office that Mr. Rodriguez is using his political influence to gain an advantage in the copyright litigation and elsewhere are false and damaging to Mr. Rodriguez both personally and professionally and have caused him harm in an amount exceeding $100,000.

## SECOND CAUSE OF ACTION

## COLLECTION OF MONEY; BREACH OF CONTRACT

43. Mr. Rodriguez incorporates as if restated all the preceding paragraphs as if set forth in full herein.

44. Defendants owe Mr. Rodriguez $383,492.00 plus interest and the consequential damages caused due to defendants' failure to repay that sum of money.

**WHEREFORE** Angel Rodriguez Miranda very respectfully asks this Honorable Court to find defendants liable in an amount of not less than $100,000 for the torts defendants have committed and to order defendants to pay the $383,492.00 it owes Mr. Rodriguez plus the consequential damages caused by defendants' breach of contract.

In San Juan, Puerto Ric this 18 <sup>th</sup> day of June 2010.

HOGLUND & PAMIAS, P.S.C.
256 ELEANOR ROOSEVELT
SAN JUAN, PUERTO RICO 00918
TEL. (787) 772-9834
FAX. (787) 772-9533
EMAIL: SAMUEL@HHOGLUND.COM

---

denounced them.

8

By: S/SAMUEL F. PAMIAS
Samuel F. Pamias
USDC No. 220309


LAW OFFICES OF JANE BECKER WHITAKER
By: S/JANE BECKER WHITAKER
Jane Becker Whitaker
USDC No. 205110
PO Box 9023914
San Juan, Puerto Rico 00902
Tel. 787 754 9191
Fax 787 764 3101
janebeckerwhitaker@yahoo.com
janebecker whitaker@gmail.com

8