|                                              |                      |
| -------------------------------------------- | -------------------- |
| UNITED STATES DISTRICT COURT                 |                      |
| DISTRICT OF PUERTO RICO                      |                      |

ÁNGEL EDGARDO RODRÍGUEZ-
MIRANDA,

    Plaintiff,

    v.

COQUICO, INC. and MALIK BENIN,
PHILLIPA ASHBY, and the conjugal
partnership between them,

    Defendants.

Civil No. 10-1557 (JAF)

**OPINION AND ORDER**

Plaintiff, Ángel Edgardo Rodríguez-Miranda, brings this action under our diversity jurisdiction, 28 U.S.C. § 1332, claiming personal injury and defamation in violation of 31 L.P.R.A. § 5141 (1993) and breach of contract, presumably in violation of 31 L.P.R.A. § 3018.[1] (Docket No. 1.) Defendant Malik Benin answers and counterclaims for malicious prosecution and breach of contract. (Docket No. 8.) Defendant Coquico, Inc. ("Coquico") answers and counterclaims for copyright infringement and breach of contract. (Docket No. 9.) Plaintiff moves to dismiss Benin's claim for malicious prosecution (Docket No. 10) and answers the remainder of Coquico's and Benin's counterclaims (Docket Nos. 16; 17). Coquico voluntarily moves to dismiss its claim of copyright infringement. (Docket No. 20.) Plaintiff moves to dismiss counterclaims of breach of contract and copyright infringement, citing res judicata (Docket

---

[1] While invoking "breach of contract," Plaintiff cites a span of Puerto Rico's Civil Code, 31 L.P.R.A. §§ 3391–3525, that provides no such cause of action.
    In addition, Plaintiff inexplicably invokes 23 L.P.R.A. § 72 (2008), which provides recourse for violations of Puerto Rico's building regulations and permits. As there is no further reference to this claim beyond the initial citation to the statute, we consider it waived.

Civil No. 10-1557 (JAF)                                                                                                              -2-

No. 22), and Benin and Coquico oppose (Docket No. 28).  Plaintiff moves for partial summary judgment on the amount of the debt owed to him by Defendants.  (Docket No. 23.)  Coquico and Benin oppose (Docket No. 29), and Plaintiff replies (Docket No. 36).

## I.

## Factual and Procedural Summary

Coquico is a Pennsylvania company that markets a line of plush toys of animals native to Puerto Rico, particularly the coquí and the Puerto Rican parrot.  Benin, Coquico's president, met with Plaintiff in Philadelphia, PA, in 2000 and hired him as an employee of Coquico.  At some point in 2000, Plaintiff and Benin signed a "Non-Disclosure/Non-Compete Agreement." (Docket No. 31-3.)  Plaintiff acted as Coquico's sales agent in Puerto Rico, developing new clients and soliciting product orders.  In 2002, Plaintiff incorporated a new business entity in Puerto Rico known as Identiko, Inc. ("Identiko").  Plaintiff resigned from Coquico in 2005.  Coquico filed suit in this district against Plaintiff and Identiko in 2007, claiming copyright infringement.  (See Civil No. 07-1432.)  Following a bench trial, Judge Pieras issued an opinion finding that Plaintiff and Identiko had infringed Coquico's copyright by selling plush toys that were highly similar to Coquico's products.  (Id., Docket No. 139.)

Plaintiff filed the present suit on June 18, 2010, alleging that Benin made defamatory statements in letters to the U.S. Attorney's Office and U.S. Customs Office and that Defendants defaulted on $383,492 of loans and compensation owed to him.  (Docket No. 1.)  Benin counterclaims for malicious prosecution and breach of a "non-disclosure/non-compete agreement."  (Docket No. 8.)  Coquico counterclaims for copyright infringement, for an unspecified tort claim arising from Plaintiff's failure to report sales of Coquico's inventory and

Civil No. 10-1557 (JAF)                                                                                                           -3-

keeping the profits for himself,[2] and, joining Benin's claim, for breach of a "non-disclosure/non-compete agreement."  (Docket No. 9.)

## II.

## Standards for Judgment on the Pleadings and Summary Judgment

### A.  Judgment on the Pleadings Under Rule 12(c)

A defendant may move to dismiss an action against him based on a defense asserted in his answer.  Fed. R. Civ. P. 12(c).  The standard of review for a judgment on the pleadings is no different from the standard of review for a motion under Fed. R. Civ. P. 12(b)(6).  Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007).  In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim.  Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559) (internal quotation marks omitted).  An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice to demonstrate a plausible entitlement to relief.  See Sanchez v. Pereira-Castillo, 590 F.3d 31, 37 (1st Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

### B.  Summary Judgment Under Rule 56

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

---

[2] Coquico has yet to state whether this claim lies in fraud, conversion, or some other cause of action.

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case.  Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). In evaluating a motion for summary judgment, we view the record in the light most favorable to the nonmovant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant carries the burden of establishing that there is no genuine issue as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Where the moving party bears the ultimate burden of proof on an issue, he must produce conclusive evidence on that issue. EEOC v. Union Independiente de la Autoridad de Acueductos y Alcantarillos, 279 F.3d 49, 55 (1st Cir. 2002).  "Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must 'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue.'"  Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (quoting Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)).  The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

## III.

## Analysis

### A.    Motion for Partial Summary Judgment

Plaintiff claims that Coquico owes him $165,000 in salary and expenses, $119,000 in commissions, and $99,402 in unpaid loans.  (Docket No. 24.)  The evidence in support of this claim is not the type of conclusive proof that would allow Plaintiff to prevail on a summary-judgment motion.

We turn first to unpaid loans.  Plaintiff presents a six-month promissory note executed on January 1, 2001, by Benin in his capacity as president of Coquito, that creates a promise to pay Plaintiff $50,000 at a ten percent yearly interest rate.  (Docket No. 24-2.)  In addition, Plaintiff

Civil No. 10-1557 (JAF)                                                                                                        -5-

presents documentation of a $30,000 loan he took from Citizens Bank of Pennsylvania in 2004, but offers no proof of his loaning this money to Defendants. (Docket 31-9.) In his deposition testimony, Benin is equivocal as to the amount of money loaned to Coquico by Plaintiff and claims that Coquico repaid a percentage of the money. (Docket No. 24-3.) Furthermore, Benin's sworn statement disputes the amounts owed to Plaintiff and claims that whatever debt owed to Plaintiff is surpassed by the amount owed to Coquico for Plaintiff's "lost/misappropriated inventory and sales."[3] (Docket No. 30-1.) Thus, we see no conclusive evidence as to the amount of loan payments Coquico owes to Plaintiff.

Likewise, Plaintiff provides no conclusive evidence of the salary, expenses, or commissions allegedly owed to him. He submits Benin's signed statements fixing Plaintiff's salary at $60,000 per year. (Docket No. 31-5.) But, aside from a spreadsheet prepared by Plaintiff (Docket No. 31-7), there is no evidence of salaries, expenses, or commissions owed to Plaintiff. Therefore, we find that Plaintiff has not met his burden and that a genuine dispute of material fact remains as to what amount, if any, is owed to him by Defendants.

**B.    Motions to Dismiss**

    **1.    Copyright Infringement**

Coquico moved to voluntarily dismiss its counterclaim of copyright infringement (Docket No. 20) after Plaintiff filed his answer (Docket No. 17). See Fed. R. Civ. P. 41(a)(2), (c). We exercise our discretion under Rule 41(a)(2) to grant Coquico's motion to dismiss. Such discretion may be exercised where no other party will be prejudiced by the dismissal. Doe v. Urohealth Sys.,

---

[3] Benin's sworn statement references an attached expert report by CPA Jeremy G. Gabell that details Plaintiff's compensation and loans made to Coquico. (Docket No. 30-2.) This report, however, is not accompanied by an affidavit of Gabell and, thus, is unauthenticated. Therefore, this report is inadmissible, and we cannot consider it in our determination of this summary-judgment motion. See Fed. R. Civ. P. 56(c)(2); Gorski v. N.H. Dep't of Corr., 290 F.3d 466, 475–76 (1st Cir. 2002) (holding that nonmovant must proffer admissible evidence in opposition to summary judgment).

Civil No. 10-1557 (JAF)                                                                                              -6-

216 F.3d 157, 160 (1st Cir. 2000). Among the factors a court must consider when determining the existence of prejudice are "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Id. (quoting Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). In this case, there is no indicator of excessive delay or lack of diligence on behalf of Coquico, or of great effort or expense to prepare this claim for trial. Plaintiff's summary-judgment motion does not address the claim, although he did file a motion to dismiss, making a res-judicata argument. Finally, we note that Plaintiff waived any objection to voluntary dismissal by not responding to Coquico's motion within fourteen days. L.Cv.R. 7. In light of these factors, we see no prejudice to Plaintiff in granting Coquico's motion for voluntary dismissal of its copyright-infringement claim.

### 2. Malicious Prosecution

Benin asserts a counterclaim under Puerto Rico's tort statute, 31 L.P.R.A. § 5141, arising from Plaintiff's inclusion of Benin and his wife in this suit as Defendants—an action Benin claims is "frivolous and temerary [sic]." (Docket No. 8 at 6.) Plaintiff moved to dismiss this claim with the blanket statement that Puerto Rico law "does not recognize a claim for malicious prosecution in a civil case." (Docket No. 10 at 1.) Plaintiff's contention is false. See, e.g., Casiano Torres v. Don King Prods., 598 F. Supp. 2d 245, 248 (D.P.R. 2009) (recognizing a tort claim under Puerto Rico law for malicious prosecution of a civil case).

While Plaintiff's motion to dismiss necessarily fails, we, nonetheless, find Benin's malicious-prosecution claim unripe. We may order dismissal sua sponte if it is evident that we lack power to decide a case. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). While pre-dismissal notice to the plaintiff is ordinarily required to permit the plaintiff to correct his error, no notice is necessary "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the

Civil No. 10-1557 (JAF)                                                                                                    -7-

complaint would be futile." González-González v. United States, 257 F.3d 31, 37 (1st Cir. 2001). A "claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States, 523 U.S. 296, 300 (1998) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580–81 (1985)).

Under Puerto Rico law, the elements of a claim for malicious prosecution are as follows: "(1) a civil action was instituted (2) maliciously and without probable cause, (3) the case ended favorably to the plaintiff (defendant in the initial civil action) and (4) the plaintiff alleging malicious prosecution sustained damages thereby." Gonzalez-Gonzalez, 257 F.3d at 37 (quoting Jiménez Alvarez v. Silén Maldonado, 131 P.R. Dec. 91, 96 (1992)).  The present case has yet to end favorably for Benin and, thus, his claim is unripe.

### 3. **Breach of Contract**

Defendants allege that Plaintiff breached a "non-disclosure/non-compete agreement" through "disclosing [Defendants'] product data to third parties, reverse-engineering the copyrighted products, using [Defendants'] client list to sell his infringing copies, [and] using/disclosing [Defendants'] production/sales costs and margins for his benefit." (Docket Nos. 8 at 6; 9 at 10.)   Defendants seek $500,000 in damages. (Id.)  Plaintiff moves to dismiss this claim on the basis of res judicata, arguing that prior litigation of a copyright-infringement claim before Judge Pieras precludes the instant breach-of-contract claim. (Docket No. 22.)

Res judicata is an affirmative defense and the party asserting it, therefore, has the burden to present facts that satisfy the elements of the defense. Davignon v. Clemmey, 322 F.3d 1, 17 (1st Cir. 2003) (citing Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1257 (10th Cir. 1997)). A party asserting res judicata on a motion to dismiss will succeed only where "(I) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with

Civil No. 10-1557 (JAF)                                                                                                        -8-

certitude." SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 36 (1st Cir. 2008) (internal quotation marks and citations omitted).

Res judicata doctrine dictates that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Coors Brewing Co. v. Méndez-Torres, 562 F.3d 3, 8 (1st Cir. 2009). Federal law of res judicata governs where "both the potentially precluding suit and the potentially precluded suit were litigated in federal courts." Mass. Sch. of Law v. ABA, 142 F.3d 26, 37 (1st Cir. 1998); see also Johnson v. SCA Disposal Servs., Inc., 931 F.2d 970, 974 (1st Cir. 1991) ("[F]ederal law of res judicata governs the effect of a prior federal judgment in a diversity case."). A court must find the presence of three conditions before it applies res judicata to dismiss a claim: "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Coors, 562 F.3d at 8 (quoting Perez v. Volvo Car Corp., 247 F.3d 303, 311 (1st Cir. 2001)).

The identicality of parties is not disputed. Defendants argue that the prior judgment is not final for res-judicata purposes, because of a pending appeal, and that the causes of action lack sufficient identicality. (Docket No. 28.) "Finality" for res judicata purposes is equivalent to "finality" of a judgment for purposes of appeal. See AVX Corp. v. Cabot Corp., 424 F.3d 28, 32–33 (1st Cir. 2005). Therefore, a judgment is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Whitfield v. Municipality of Fajardo, 564 F.3d 40, 45 (1st Cir. 2009) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). A decision retains its "finality" for preclusion purposes even while an appeal from that decision is pending. In re President & Fellows of Harvard College, 149 F.2d 69, 73 (1st Cir. 1945); see also 18A Charles Alan Wright, et al., Federal Practice and Procedure § 4433 n.12 (2d ed. 2002). Thus, Defendants' finality argument fails.

We turn next to the similarity between the causes of action. To determine whether causes are sufficiently identical, the First Circuit follows the "transactional approach" set forth in the Restatement (Second) of Judgments. Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996). Causes of action are sufficiently identical if they arise out of facts that constitute the same transaction or series of related transactions. (Id.) To determine whether the facts giving rise to each claim are the same or sufficiently related, we weigh multiple factors including "whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." Id. (quoting Restatement (Second) of Judgments § 24 (1982)). "[W]e are mindful that a single transaction may give rise to a multiplicity of claims . . . and recognize that 'the mere fact that different legal theories are presented in each case does not mean that the same transaction is not behind each." Id. (internal citations omitted).

We reserve judgment on this prong of res-judicata analysis. The parties have failed to adequately address the question of whether the facts underlying the previously-litigated claim for copyright infringement and the current claim for breach of the "non-disclosure/non-compete agreement" constitute the same or related transactions.

**C.    Sua-Sponte Summary Judgment**

The parties have not filed any dispositive motions addressing Plaintiff's claim for defamation. A court may order summary judgment sua sponte where (1) discovery has advanced to the point where parties had a reasonable opportunity to glean material facts, and (2) the court has given appropriate notice of its intention. Wells Real Estate Inv. Trust II, Inc. v. Chardón/Hato Rey P'ship, S.E., 615 F.3d 45, 51 (1st Cir. 2010). Given the difficulty of proving a defamation claim against a public figure such as Plaintiff and the lack of evidence on the record before us, we find it prudent to order briefing as to why summary judgment should not be granted in Defendants' favor. See, e.g., Diaz Rodriguez v. Torres Martir, 394 F. Supp.2d 389, 393 (D.P.R.

Civil No. 10-1557 (JAF) -10-

2005) (stating that in order to prove defamation, public officials must prove the statement was false, made with actual malice, and the cause of real damages).

## IV.

### Conclusion

For the foregoing reasons, we hereby **DENY** Plaintiff's motion to dismiss Benin's malicious-prosecution claim (Docket No. 10), **GRANT** Coquico's motion to voluntarily dismiss its copyright-infringement claim (Docket No. 20), **DENY** Plaintiff's motion to dismiss Defendants' copyright-infringement claim (Docket No. 22), and **DENY** Plaintiff's motion for partial summary judgment (Docket No. 23). We **DISMISS**, sua sponte, Benin's malicious-prosecution claim as unripe.

We hereby order the parties to **SHOW CAUSE, on or before June 20, 2011**, as to why Defendants' claim for breach of the "non-disclosure/non-compete agreement" and the previously-decided copyright-infringement claim are, or are not, based on facts constituting the same transaction or related transactions, for purposes of claim preclusion.

Finally, we order the parties to **SHOW CAUSE, on or before June 20, 2011**, as to why summary judgment of Plaintiff's defamation claim should, or should not, be entered in Defendants' favor.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 7th day of June, 2011.

                                                  s/José Antonio Fusté
                                                  JOSE ANTONIO FUSTE
                                                  United States District Judge