UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ÁNGEL EDGARDO RODRÍGUEZ-MIRANDA,<br><br>Plaintiff,<br><br>v.<br><br>COQUICO, INC. and MALIK BENIN, PHILLIPA ASHBY, and the conjugal partnership between them,<br><br>Defendants. | Civil No. 10-1557 (JAF) |

**OPINION AND ORDER**

Before this court is an unopposed motion for attorney's fees and prejudgment interest (Docket No. 82) filed by Plaintiff Ángel Edgardo Rodríguez-Miranda ("Plaintiff"). Plaintiff's diversity action sought damages, claiming personal injury and defamation in violation of 31 L.P.R.A. § 5141 (2008) and breach of contract. (Docket No. 1.) The jury trial ended on July 28, 2011. (Docket No. 80.) The jury returned a verdict in the amount of $348,821.23, in favor of Plaintiff and against Defendant Coquico ("Coquico"), for unpaid salary and loans. (Docket No. 76.) Prior to the beginning of this action, an earlier case in this district found that Plaintiff had infringed Coquico's copyrights and awarded Coquico $15,000. Coquico, Inc. v. Rodriguez-Miranda, No. 07-1432, 2010 WL 3372388, at *4 (D.P.R. 2010 Oct. 19, 2011) ("Coquico I").

Civil No. 10-1557 (JAF) -2-

Plaintiff now brings this motion under Puerto Rico Rule of Civil Procedure 44.1(d) and 44.3(b).[1] The relevant section of Rule 44.1(d) reads, "In the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for attorney's fees which the court decides corresponds to such conduct." P.R. R. Civ. P. 44(1)(d) (2009). Rule 44.3(b) reads, "The court shall also impose on the obstinate party the payment of interest at the rate fixed by the Board by virtue of subsection (a) of this rule." P.R. R. Civ. P. 44.3(b) (2009).

Plaintiff alleges that Coquico engaged in a "pattern of behavior" demonstrating obstinacy before and during trial. (Docket No. 82 at 2.) Specifically, Plaintiff alleges that Coquico: (1) never offered to settle the case, despite Coquico's knowledge that it owed Plaintiff money (Docket No. 82 at 1–3); (2) filed "baseless" and "frivolous" claims and counterclaims (id. at 1; 3); and (3) "consistently ignored" discovery deadlines, causing unnecessary delay (id. at 1–3). For the reasons set out below, we disagree with Plaintiff's characterization of the record and deny Plaintiff's motion.

"A finding of obstinacy requires that the court determine a litigant to have been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." De León López v. Corporación Insular de Seguros, 931 F.2d 116, 126 (1st Cir. 1991). In making a determination of obstinacy, courts are instructed to take into account a case's "personality." See Dopp v. Pritzker, 38 F.3d 1239, 1253–54 (1st Cir. 1994) ("obstinacy . . .

---

[1] Plaintiff cites Puerto Rico Rule of Civil Procedure 44.3(b) for his claim for attorney's fees. We note that Rule 44.3(b) provides for prejudgment interest; the Rule that addresses attorney's fees is 44.1(d), to which Plaintiff makes no reference.

Civil No. 10-1557 (JAF) -3-

[may] be found to characterize a particular form of conduct in one case but not another"). Courts will be less likely to find obstinacy in a case that presents tangled issues, protracted disputes, and relentless litigants. See id.

"This is such a case." Id. at 1254 (reversing district court's finding of obstinacy, based on the difficult personality of the case). By the time the present case was filed, the parties had already been litigating their claims against each other for more than three years.[2] At the beginning of this case, both parties raised claims and counterclaims that were later dismissed. Coquico's counterclaims for copyright infringement and malicious prosecution were dismissed (Docket No. 45), as were Plaintiff's claims for libel and defamation (Docket No. 67).

Many of these claims and counterclaims were related to the previously-litigated copyright claim, which had an appeal pending at the time.[3] See Coquico I. At the beginning of the present case, it was not clear which claims from Coquico I would be barred by res judicata. Until the first day of trial, we expressly reserved judgment on whether the facts underlying Coquico's breach of contract counterclaim were part of the same transaction that gave rise to the earlier copyright claim. (Docket Nos. 45; 70.) We find that Coquico's decision to raise these counterclaims was a product not of obstinacy but, rather, a natural outcome of the parties' "difficult and protracted legal battles." Dopp, 38 F.3d at 1254.

---

[2] The complaint in the earlier copyright action was filed in May of 2007. See Docket No. 1, Civil No. 07-1432.

[3] Coquico appealed the judgment in the earlier case, seeking higher damages. Appeal No. 11-1318. Coquico's appeal was voluntarily dismissed on September 12, 2011, after the conclusion of this trial. See Docket Document No. 154, Civil No. 07-1432.

Civil No. 10-1557 (JAF)                                                                                                              -4-

We turn now to Plaintiff's claim that Coquico "never offered to pay him a penny" to settle the case. (Docket No. 82 at 1.) The record has two indications that Coquico did offer to settle the case, and that Plaintiff failed to reply. (Docket Nos. 19; 43.) In its response opposing Plaintiff's motion to compel, Coquico notes that it made a comprehensive settlement offer on January 28, 2011, and Plaintiff did not respond. (Docket No. 19 at 2.) Then, at a pretrial conference in May 2011, "Defendants' attorney informed that they made an offer to plaintiffs but never received a response. Plaintiffs' attorney informed that the offer made [was] not reasonable." (Docket No. 43.) Coquico and his codefendant later rejected this court's suggestion to settle for $90,000. (Docket No. 57.)

We do not believe that such conduct constitutes obstinacy on Coquico's part. First, Plaintiff has not shown that Coquico failed to enter into good-faith negotiations. See Correa v. Cruisers, a Div. of KCS Int'l, Inc., 298 F.3d 13, 33 (1st Cir. 2002) ("The key issue is not whether or not the defendant's proposed settlement amount approaches plaintiff's claimed damages, but whether the parties engaged in good-faith negotiations."). Nor has Plaintiff demonstrated that he would have been amenable to Coquico's good-faith attempts at settlement. See Dopp, 38 F.3d at 1254–55 ("There is nothing to show that [Plaintiff] . . . ever placed a more reasonable value on the case, or that a realistic settlement offer by [Defendant] would have satisfied [P]laintiff and shortened the proceedings."). To the contrary, the record shows that Plaintiff failed to respond to Coquico's settlement overtures. (Docket Nos. 19; 43.) We, therefore, decline to find obstinacy on this ground.

Finally, we turn to Plaintiff's argument that Coquico's late filings and failure to meet discovery deadlines constitute obstinacy. (Docket No. 82 at 1–3.) Again we disagree.

Civil No. 10-1557 (JAF)                                                                                                     -5-

Although Coquico's counsel did request several extensions in the case, there was nothing unreasonable or unusual about these requests. (Docket Nos. 19; 25; 48.) None of the extensions lasted longer than ten days (id.), and Coquico's motion for leave to file on the first day of trial was quickly denied (Docket No. 71), avoiding any "unnecessary expense and delay." De León López, 931 F.2d at 126. In two of his motions requesting extensions, Coquico's counsel explained that the delays were due to health issues and a separate ongoing trial. (Docket Nos. 19; 48.) We doubt that Rule 44.1 was meant to address this sort of commonplace delay. See Fernandez v. San Juan Cement Co., 18 P.R. Offic. Trans. 823, 830 (1987) (holding that Rule 44.1 is meant to penalize "a losing party that because of his stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to needlessly assume the pains, costs and inconveniences of a litigation"). We, therefore, decline to find obstinacy on this third and final ground.

## II.

### Conclusion

For the foregoing reasons, we hereby **DENY** Plaintiff's motion for attorneys' fees (Docket No. 82).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of November, 2011.

                                                               s/José Antonio Fusté
                                                               JOSE ANTONIO FUSTE
                                                               U.S. District Judge