IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL EDGARDO RODRIGUEZ, Plaintiff, | CIVIL NO. 10-1557(JAF) |
| Vs. | RE: Collection of money; Defamation and Libel |
| COQUICO, INC., MALIK BENIN, PHILIPPA ASHBY and their conjugal partnership, | Plaintiff Demands a Jury |
| Defendants | |
| Vs. | |
| MALIK BENIN, ACQUANETTA BENIN, 18 DEGREES NORTH, LLC | |
| Respondents | |

**MEMORANDUM ORDER**

I

Angel Rodriguez Miranda obtained a judgment against Coquico, Inc. for $348,821.23 plus costs of $353.00 on July 28, 2011. Mr. Rodriguez made various attempts to collect on that judgment, culminating in a marshal's sale of Coquico's intellectual property set for July 11, 2013. The day before the sale, Acquanetta Benin filed a Motion to Intervene in this litigation, alleging that Coquico, Inc. had transferred the intellectual property to her in January 2006. This Court denied that motion as untimely.[1] Coquico, Inc. filed a voluntary Chapter 7 bankruptcy. 13-16049 in the Eastern District of Pennsylvania.

Through a motion filed on January 29, 2014, plaintiff asked this Court to find that Malik Benin, Acquanetta Benin, and 18 Degrees North, LLC are liable to him for the judgment entered on July 28, 2011 against Coquico, Inc., costs, and attorneys' fees, under penalty of contempt. In

---

[1] The Bankruptcy Court found that Ms. Benin's subsequent effort to relitigate that matter was "blatant forum shopping" and denied it." January 13, 2014 Transcript at 6.

1

support of this request, plaintiff informed the Court that the bankruptcy case Coquico, Inc. filed was dismissed for bad faith on January 13, 2014, through an order entered on January 14 and identified a number of that Court's determinations. That order became final and unappealable on January 28, 2014.

On February 4, 2014, this Court ordered plaintiff to cite Coquico, Inc., Malik Benin, Acquanetta Benin, and 18 Degrees North, LLC for a hearing on plaintiff's motion on February 28, 2014. That same day, plaintiff cited Ms. Benin, and on February 5, 2014, he cited Coquico, Inc. Mr. Benin, and 18 Degrees North, LLC. Plaintiff informed the Court of his compliance with the February 4 order. On February 27, 2014, Mr. Benin asked this Court to cancel the hearing, stating that he did not have funds to hire counsel. Plaintiff opposed that motion, noting that Mr. Benin personally had hired counsel to represent him in the bankruptcy case Coquico, Inc. and that Mr. Benin's request was untimely. Docket Number 51 and 52 of 13-16049-SR reveal that Mr. Benin was represented by two attorneys in that case. On February 28, 2014, this Court denied Mr. Benin's Motion to cancel the hearing.

Despite having been served with process, Mr. Benin, Ms. Benin, 18 Degrees North, LLC, and Coquico, Inc. all failed to oppose the motion to hold them jointly and severally liable for the judgment in this case or appear at the February 28 hearing. In support of his Motion, plaintiff has provided the Court with the transcript from the December 2, 2013 hearing on the Motion to Dismiss Coquico, Inc.'s bankruptcy as well as the findings of fact and conclusions of law of Judge Raslavich from the continuation of that hearing on January13, 2014. In accord with the evidence presented there and affording the determinations of the Bankruptcy Court the deference required by law, this Court concludes that Coquico, Inc., 18 Degrees North, LLC, and Malik Benin are alter egos, that Malik and Acquanetta Benin conspired to transfer Coquico, Inc.'s

2

intellectual property to Ms. Benin, and that, as a consequence, all these parties are jointly and severally liable for the judgment to plaintiff. The Court further finds Mr. Benin, Ms. Benin, Coquico, Inc., and 18 Degrees North, LLC in contempt of his February 4, 2014 order.

II

Rule 25(c) governs substitution where a party to a lawsuit transfers an interest during the pendency of a lawsuit or after a judgment has been entered. "The rule is a discretionary procedural vehicle in which the transferee is brought into court solely because it has come to own the property in issue." *Negron Almeda v. Santiago,* 579 F.3d 45, 43 (1st Cir. 2009). It has been invoked to substitute a successor who has acquired the assets of the corporation against whom judgment has been entered so that a judgment holder can execute those assets. *Id.* [Citations omitted.] In the instant case, plaintiff does not ask the Court to *substitute* the new corporation, but rather to add new parties, since both Coquico, Inc. and 18 Degrees North, LLC continue to sell the plush toys through two different licenses, both from Acquanetta Benin, both purportedly exclusive. December 2, 2013 transcript at 110-12. Moreover, the corporations pay personal expenses for Acquanetta and Malik Benin, although neither of them is an employee of either company. *Id.* at 23, 40-41.

III

We find that Coquico, Inc., and 18 Degrees North, LLC, Malik and Acquanetta Benin are all alter egos of one another. Mr. Benin testified that 18 Degrees North had the same clients, profit margins, internet presence, and suppliers; and that the two entities transferred funds back and forth to cover their mutual obligations. Benin's testimony at 51-99. At the end of that testimony, Mr. Benin volunteered that, with the exception of some clients outside Puerto Rico, that 18 Degrees North, LLC is the same business as Coquico, Inc., minus its debt and minus the

judgment owed to plaintiff. *Id.* at 98-99. With respect to the creation of 18 Degrees North, LLC to replace Coquico, Inc., Bankruptcy Judge Raslavich concluded, "You can't, you know, spirit away the only valuable asset now, the copyrights, as you've clearly done. Taking the customers, the products and transitioning – transitioning them, as you have styled it, into 18 Degrees North simply to attain relief from a judgment creditor. How you think that comports with applicable bankruptcy or non-bankruptcy law is a complete mystery to me. As a matter of civil law, it's, of course, inappropriate." January 13, 2014 Transcript at 12. The Court added, "Given the way in which it's been undertaken, I question whether there are not criminal implications associated with that also. This is transparent. It's not even close." *Id.*

Coquico, Inc. failed to maintain the corporate form, commingling its funds with those of Mr. Benin and his family members. Coquico, Inc. paid the personal expenses of Malik Benin and his family members, although neither Mr. Benin nor his family members were Coquico's employees. December 2, 2013 Transcript at 20-25, 38, 77. Mr. Benin admitted that Coquico paid Acquanetta Benin's obligations and those of his wife, Phillipa Ashby, although neither was an employee of Coquico. *Id.* at 33, 40-42. Mr. Benin did not believe he had ever signed tax returns for 18 Degrees North. *Id.* at 100. As late as two days before the hearing, Coquico, Inc. was still selling product. *Id.* at 88-94.

Based on this testimony, the Bankruptcy Court found, "you've got all the other crimes. You've got the doctoring of the documents… this laundry list of improprieties, on the part of [Mr. Benin] most of which he acknowledged – the payment of personal expenses from the debtor, the unauthorized post-petition transactions. " *Id.* at 260. The Bankruptcy Court repeated that conclusion at page 8 of the January 13, 2014 decision: "the bank accounts which reflected

the commingling of the funds between the two entities, the payment of personal expenses, prepayment defalcations, post-petition unauthorized transactions."

Based on Mr. Benin's admissions as to the transfer of all the assets of Coquico, Inc. to 18 Degrees North, LLC minus the judgment from the instant case, his testimony that he is the principal shareholder of and operates both, and that the business is the same, and the Bankruptcy Court's determinations, this Court finds that 18 Degrees North, LLC is a successor corporation and alter ego of Coquico, Inc. *See Anibal Arsuaga, Inc. v. Hood Constructors,* 90 D.P.R. 104 (1964). In *Arsuaga,* where Hood Mechanical Contractors transferred all its assets to Hood Constructors, and its principal continued to operate the company, the Puerto Rico Supreme Court held that the latter was the successor corporation of the former. Here 18 Degrees North, LLC is a successor corporation and, and, since both corporations continue to operate, alter ego of Coquico, Inc. and as such is liable for its debts, including the judgment, costs, and interest awarded herein as one substitute party herein.

"Where the directors or officers use the corporation to commit fraud, courts will pierce the corporate veil, and hold those officers or directors personally liable." *Colon v. Blades,* 757 F.2d 107, 109 (D.P.R. 2010). Factors to consider in deciding whether a corporation is the alter ego of its officers and directors are "nonpayment of dividends, failure to observe corporate formalities, absence of corporate records, commingling of funds, and use of corporate funds for non-corporate purposes." *Id.* Here, Mr. Benin used Coquico, Inc. to commit fraud by fraudulently transferring the intellectual property to Mrs. Benin to try to avoid this Court's judgment. There is no evidence of any payment of dividends, or of observance of corporate formalities, the corporate tax returns for 18 Degrees North, LLC never appeared, commingling

occurred with Mr. Benin, Ms. Benin and both 18 Degrees North and Coquico, and both corporations used corporate funds for non-corporate uses.

Therefore, this Court concludes that Malik Benin, Acquanetta Benin, and 18 Degrees North, LLC are jointly and severally liable for the judgment of Angel Rodriguez Miranda against Coquico, Inc.

IV

We find that Malik Benin and Acquanetta Benin signed and Malik Benin filed an altered assignment agreement with the U.S. Copyright Office on behalf of Coquico, Inc.

Coquico, Inc. purported to have assigned its trademarks and copyrights to Acquanetta Benin in 2006, who then supposedly licensed Coquico, Inc. to sell the plush toys in Puerto Rico and elsewhere.[2] In 2007, Coquico, Inc. sued for copyright infringement in the Federal District Court of Puerto Rico 07-1432 (JP). December 2, 2013 Transcript at 114-15. In the course of that litigation, Mr. Benin swore repeatedly in pleadings and in open court that Coquico, Inc., not Ms. Benin, owned the copyrights. *Id.*

The first page of the copyright assignment from Coquico, Inc. to Ms. Benin as it was recorded with the copyright office in 2012 was not what was attached to the signature page on January 23, 2006, when it was presented to the notary for signature. *Id.* at 165. Mr. Benin admitted altering the notarized document. *Id.* at 165-66. Mr. Benin also confirmed that there was only one signature page for both the trademark and the copyright assignments of Coquico's intellectual property. *Id.* at 166. The copyright assignment was not registered with the copyright office until June 2012, after the entry of judgment and a writ of execution in the instant case. *Id.* at 160.

---

[2] Coquico, Inc. did not list the license agreement as an asset in the bankruptcy proceeding, but Mr. Benin swore that it was an asset of Coquico [not 18 Degrees North] at the hearing on the motion to dismiss for bad faith. December 3, 2013 transcript at 134

6

Regarding the assignment, the Bankruptcy Court, who heard Mr. Benin's testimony and was able to assess his demeanor, found that "the blatant fraud with respect to the copyright office, the incredulous story that well, we doctored the documents but they were really signed back then but then we didn't file them for six years until after the judgment, but all the while we took the position that we were the owner but the reason was because we really didn't understand that, but we were represented by counsel but we didn't understand that there's some difference between outright ownership of a copyright and being the licensee of the owner of the copyright." *Id.* at 228.

Based on the above, this Court determines that Coquico, Inc., through Malik Benin, fraudulently transferred Coquico's intellectual property to Acquanetta Benin, and, as a result, Acquanetta Benin is jointly and severally liable to plaintiff for satisfaction of his judgment against Coquico, Inc.

V

We find that Coquico, Inc., Malik Benin, Acquanetta Benin and 18 Degrees North, LLC are in contempt of this Court's Order to appear on February 28, 2014.

For the Court to enter a finding of civil contempt against Defendant, the Court must find: (1) that Defendant had notice of the Court's order; (2) that the Court's order "was clear, definite, and unambiguous;" (3) that Defendant had the ability to comply with the Court's order; and (4) that Defendant violated the order. *United States v. Saccoccia,* 433 F.3d 19, 26 (1st Cir.2005). The party seeking the finding of contempt must prove civil contempt by clear and convincing evidence. *Project B.A.S.I.C. v. Kemp,* 947 F.2d 11, 16 (1st Cir.1991)" *Brown v. Colegio de Abogados,* 765 F Supp. 2d 133, 138 (D.P.R. 2011)

7

Here, Acquanetta Benin, Malik Benin, and 18 Degrees North, LLC all had notice of the Court's order to appear. The order to appear on February 28, 2014 was clear, definite, and unambiguous. Despite Mr. Benin's protestations of penury, he had the ability to hire an attorney for 18 Degrees North, LLC, just as he had two days before for the hearing on sanctions in the bankruptcy case. He and Acquanetta Benin could have appeared *pro se* as they have done [or have purported to have done] previously. Coquico, Inc., Acquanetta Benin, Malik Benin, and 18 Degrees North, LLC all violated the order.

The Court reminds all parties that "[u]pon a finding of civil contempt, the Court has broad discretion in fashioning the appropriate coercive remedy. *See Goya Foods, Inc. v. Wallack Mgmt. Co.,* 344 F.3d 16, 21 (1st Cir.2003). Civil contempt can be 'imposed to compel compliance with a court order or to compensate a party harmed by non-compliance.' *Saccoccia,* 433 F.3d at 27." *Brown v. Colegio de Abogados,* 765 F. Supp. 2d 133, 138 (D.P.R. 2011).

Given the magnitude and the variety of the offenses committed by Malik Benin in his efforts to avoid the judgment in this case, culminating in his unexcused failure to appear at the February 28, 2014 hearing the Court orders him to pay a sanction of $5,000 by 5:00 pm March 12, 2014. The Court defers to the Philadelphia Bankruptcy Court's finding that Acquanetta Benin may not have acted intentionally as to her manufactured testimony before that Court and so does not include her in this order, but she is admonished that if she violates other orders of this Court, the Court will not hesitate to sanction her. Failure to pay said sanction will result in the incarceration of Mr. Benin until the sanction is paid.

The Court further orders Malik Benin, Acquanetta Benin, Coquico, Inc., and 18 Degrees North, LLC jointly and severally to pay the judgment in this case.

The Court further orders Coquico, Inc. and 18 Degrees North, LLC to honor the Judgment in this case by March 12, 2014 or execution of Judgment will issue.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of March 2014.


S/JOSE A. FUSTE
JOSE ANTONIO FUSTÈ
UNITED STATES DISTRICT COURT JUDGE

9